# IN THE COURT OF APPEALS OF IOWA

No. 15-0457
Filed October 26, 2016

IN RE THE MARRIAGE OF JOAN BLASER BAENZIGER
AND GREGORY PAUL BAENZIGER

Upon the Petition of
**JOAN BLASER BAENZIGER,**
        Petitioner-Appellee,

And Concerning
**GREGORY PAUL BAENZIGER,**
        Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Gregory Paul Baenziger appeals various economic provisions of the decree dissolving his marriage to Joan Blaser Baenziger. **AFFIRMED AS MODIFIED.**

Alexander E. Wonio of Hansen, McClintock & Riley, Des Moines, for appellant.

Catherine C. Dietz-Kilen and Jaclyn M. Zimmerman of Harrison & Dietz-Kilen, P.L.C., Des Moines, for appellee.

Considered by Vaitheswaran, P.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Gregory Paul Baenziger appeals various economic provisions of the decree dissolving his marriage to Joan Blaser Baenziger. We affirm as modified.

## I. Background Facts and Proceedings

Gregory and Joan were married in 1999 and have no children together. Prior to the marriage, the parties entered into a prenuptial agreement.[1] In that agreement, the parties established they would keep their respective debts and assets brought into the marriage but also provided for the distribution of assets and debts incurred during the marriage.

Both parties are well-educated; however, at the time of trial, Joan was unemployed and Gregory, then age sixty-one, was employed but facing a furlough from the position where he was earning $110,000 per year plus bonuses. Joan, who was fifty-nine at the time of trial, suffers from numerous physical and mental-health conditions that affect her ability to secure employment. At the time of trial, Joan was planning to undergo surgery for her hip problems, which required a double hip replacement. The parties have considerable debt and few assets.

In April 2014, Joan filed a petition for dissolution. Trial commenced in November 2014. In February 2015, the district court entered its decree, which, in relevant part, awarded Joan one-half of any earnings from the books Gregory authored during the marriage, alimony for twenty-five months in the amount of $1800 per month, and $18,000 in attorney fees. Gregory appeals.

---

[1] The parties entered into a marital agreement in May 2005, although the provisions of that agreement are not at issue.

**II.     Standard and Scope of Review**

We review cases tried in equity, such as dissolution cases, de novo.  Iowa R. App. P. 6.907; *In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015).  We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but we are not bound by them.  Iowa R. App. P. 6.904(3)(g).  Prior cases, though helpful, have little precedential value because we must base our decision primarily on the particular circumstances of the parties presently before us.  *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).  We accord the trial court considerable latitude in making factual determinations and will disturb the ruling only when there has been a failure to do equity.  *Gust*, 858 N.W.2d at 406.

**III.     Analysis**

Gregory challenges three economic provisions of the dissolution decree: (1) the district court's equal division of any earnings made on the books Gregory authored during the marriage, (2) the district court's award of alimony to Joan, and (3) the district court's award to Joan of approximately one-half—or $18,000—of her attorney fees.  We address each in turn.

**A.     Book Earnings**

"Iowa case law has long held prenuptial agreements are favored in the law."  *In re Marriage of Applegate*, 567 N.W.2d 671, 673 (Iowa Ct. App. 1997).  Where, as here, the parties have executed a premarital agreement, "in the absence of fraud, mistake, or undue influence, the contract is binding."  *Id.*  Gregory contends the district court's award of one-half of any earnings made on

the books he authored is contrary to the terms of the prenuptial agreement. We agree.

Paragraph nine of the prenuptial agreement provides, in relevant part:

> 9. The earnings and accumulations resulting from Joan's and Gregory's respective individual property and . . . work, together with all property acquired or income derived therefrom, shall be the individual property of the party to whom the earnings and income are attributable as long as the asset is held or owned by one party.

The books at issue—which Gregory alleges are incomplete, not well received, and of no current value—were the product of Gregory's work. On our de novo review, we determine he is entitled to the proceeds of those books, if any, per the terms of the prenuptial agreement.[2]

### B.    Alimony

Gregory appeals the district court's award to Joan of twenty-five months of alimony in the amount of $1800 per month.[3] Gregory claims the award is inappropriate based on his ability to pay and, alternatively, is excessive in duration.

In awarding alimony, a court considers the factors set forth in Iowa Code section 598.21A (2013). *See id.* Here, the district court provided the following reasoning for the award:

> The Court further finds that since the marriage has lasted more than ten years, pursuant to the prenuptial agreement entered on April 27, 1999, [Joan] is entitled to spousal support. The Court reaches this conclusion based upon the length of the marriage, the health of each party, the ability of each party to obtain employment, the contributions of each party to the marriage, and the division of

---

[2] Joan requests that this court affirm the district court's division of any earnings from the books as a form of reimbursement alimony. There is no indication the district court intended this division as such an award, and we decline to do so.

[3] Gregory was also ordered to pay spousal support during the pendency of the petition.

the assets and liabilities of the parties. The Court observes that [Joan] suffers from physical and mental health disabilities which require medical attention and could, along with her age, . . . affect her ability to obtain employment in the future. However, the Court believes that after there has been a rehabilitation period for [Joan] from her surgeries for both of her hips and time for adjustment after the marriage, that she does have the opportunity to obtain employment.

On our de novo review, we agree. While Gregory was facing a furlough at the time of trial, he was gainfully employed and earning considerably more than the record supported Joan could earn, despite her continued efforts to secure employment. There was no indication Gregory had any health limitations or other restrictions on his ability to obtain alternative employment.[4] This situation contrasted that of Joan, who was facing separate surgeries on each of her hips in December 2014 and March or April 2015, in addition to her other physical and mental-health related limitations.

At Gregory's request, Joan was evaluated by a vocational case manager. The evaluator determined Joan's mental-health related issues would impact her ability to obtain employment, her age would put her at a disadvantage for being considered in a tenured track professor position—for which the evaluator determined her chances were "bleak," her outlook for securing a job as an adjunct professor was also "somewhat limited," and her best chances of securing employment would be as a grant writer. The evaluator concluded Joan "w[ould] likely not be suited for competitive employment until such time as the dissolution of marriage process has been finalized and a short period of adjustment has elapsed." *See* Iowa Code § 598.21A(1) (a), (b), (e), (f) (listing as factors "[t]he

---

[4] The company also assured Gregory it would reinstate his compensation and benefits when the undetermined period of furlough expired.

length of the marriage," "[t]he age and physical and emotional health of the parties," "[t]he earning capacity of the party seeking maintenance," and "[t]he feasibility of the party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage, and the length of time necessary to achieve this goal").  On our de novo review, we affirm the district court's award of alimony.

### C.      Trial Attorney Fees

"An award of attorney fees lies within the discretion of the trial court." *Applegate*, 567 N.W.2d at 675.  Thus, to overturn the district court's decision, Gregory must show the district court abused its discretion.  *Id.*  Gregory argues, because he was facing a furlough and has minimal assets and considerable debt, the award was not fair or reasonable.  Here, the district court considered the circumstances of the parties and their respective abilities to pay.  *See id.* ("Whether attorney fees should be awarded depends on the respective abilities of the parties to pay the fees and the fees must be fair and reasonable.").  We cannot say the district court abused its discretion in awarding Joan approximately one-half of her attorney fees; therefore, we affirm.

### D.      Appellate Attorney Fees

Joan requests appellate attorney fees.  "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion."  *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005).  "[I]n determining whether to award attorney fees," we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal."  *Id.* (citation omitted).

Having considered these factors, we decline Joan's request for attorney fees on appeal.

**IV.     Conclusion**

We modify the dissolution decree to award Gregory the proceeds, if any, from the books he authored during the marriage.  We otherwise affirm the decree as entered by the district court.

**AFFIRMED AS MODIFIED.**